Argued and submitted December 20, 1996, reversed and remanded
February 12, 1997

## STATE OF OREGON,
*Respondent,*

*v.*

## JORGE GONZALEZ-GALINDO,
*Appellant.*

(C9509-37535; CA A91896)

932 P2d 118

Stephen J. Williams, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Janet A. Klapstein, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

WARREN, P. J.

**WARREN, P. J.**

Defendant appeals his convictions, after a trial to the court, for forgery in the first degree, ORS 165.013(1), and criminal possession of a forged instrument in the first degree, ORS 165.022(2). He contends that the trial court erred in denying his motion to suppress evidence gained as a result of an allegedly unlawful stop. The state concedes that defendant was unlawfully stopped when the officer retained defendant's ID card without a reasonable suspicion that defendant had committed a crime. We accept the state's concession, *see State v. Jackson,* 91 Or App 425, 428, 755 P2d 732, *rev den* 306 Or 661 (1988) (the *retention* of a license or identification card, usually for investigatory purposes, as opposed to simply requesting and receiving identification, restrains a person from leaving), and reverse and remand. We write only to distinguish our decision in *State v. Hanna,* 52 Or App 503, 628 P2d 1246, *rev den* 291 Or 662 (1981), on which the trial court relied, from the facts in the present case.

Below, defendant moved to have a forged immigration card suppressed on the ground that it constituted the fruit of an unlawful stop. Citing our decision in *Hanna,* the trial court denied defendant's motion, holding that there was no stop and that his encounter with police constituted mere conversation.

The following facts are undisputed. Officer Gallucci sought the identification of three men he encountered on the Portland Transit Mall. However, he did more than merely seek confirmation of the identify of the men in the group: he requested their ID's and then took them back to his patrol car where he ran a warrants check on each individual. At that point, the encounter became a stop. The trial court's reliance on *Hanna* in concluding otherwise was misplaced because in that case we did not address the question of whether the defendant had been unlawfully stopped. Rather, we noted that it was the statements that the defendant made to the officer *before* the officer took the defendant's ID and ran a warrants check that ultimately led to his arrest and conviction, not anything said or done while the officer retained his ID. *Id.,* at 509 n 5. Therefore, the information that led to the

defendant's eventual arrest did not flow from, nor was it the fruit of, the officer's retention of the defendant's ID and the resulting restraint on the defendant's liberty. Accordingly, in *Hanna*, the question of whether the defendant had been stopped played no role in our decision.

Reversed and remanded.